ARCHER *v.* BOARD OF MISSISSIPPI LEVEE COM'RS.

(Division B. Sept. 22, 1930.)

[130 So. 55. No. 28736.]

Wynn & Hafter, of Greenville, for appellant.

H. P. Farish, of Greenville, for appellee.

Argued orally by **Albert Lake** and **Jerome Hafter**, for appellant.

**Ethridge, P. J.**, delivered the opinion of the court.

The board of levee commissioners instituted a proceeding to condemn certain property belonging to the

appellant, Mrs. Archer. The pertinent part of the petition to the present controversy reads as follows:

"Whereas, the Board of Mississippi Levee Commissioners have deemed it necessary to take the following strip of land to build, enlarge and repair the levee in the county of Washington and state of Mississippi.

"A piece of land on the riverside of the levee one thousand five hundred feet long from opposite station 4177 plus 15 to opposite station 4192 plus 12 and five hundred thirty-six feet average width as measured from the land acquired by the board November 9, 1921.

"The back line of this strip of land is the Mississippi River. See map on file in the office of the Chief Engineer in Greenville, Mississippi. Containing eighteen and fifty hundredths acres of land in Sections 9 and 21, T. 18, N R 8 W. Also the riparian rights along the above one thousand five hundred feet of the river bank for the use of the United States as a mooring site for all government equipment used in flood control work on the Mississippi River. The property of Mrs. K. C. Archer and whereas said owners claim compensation for any land that may be taken in building, enlarging and repairing said levee, and for any damage that may be sustained by said owners in consequence of the building, enlarging and repairing of same," etc.

The board presented the petition to the circuit court, and commissioners were appointed to appraise the damages and to allow the same in accordance with chapter 92, Laws of 1904, Laws of Mississippi Levee District, chapter 135. The appraisers awarded Mrs. Archer five thousand dollars, from which both she and the levee board appealed to the chancery court.

In the chancery court a jury was impaneled and evidence heard, and the jury returned a verdict for the appellant in sum of four thousand three hundred fifty dollars, from which this appeal is prosecuted.

It is first insisted that the Mississippi levee board had no right to condemn property for the United States government or Federal agencies; that the authority vested in the levee boards is contained in section 233 of the State Constitution of 1890 which provides: "The levee boards shall have, and are hereby granted, authority and full power to appropriate private property in their respective districts for the purpose of constructing, maintaining, and, repairing levees therein." By section 232 of the constitution it is provided: "The commissioners of said levee districts shall have supervision of the erection, repair, and maintenance of the levees in their respective districts, and shall have power to cede all their rights of way and levees and the maintenance, management and control thereof to the government of the United States." The proof showed that the property condemned was to be used in part in constructing levees, and in part for the use of the vessels used by the Mississippi Flood Control Commission in aiding in the maintaining of the levees and the control of the flood waters of the Mississippi river; that, among other things, the Flood Control Commission at said point was to manufacture concrete blocks to be used in revetment of Mississippi levee banks to prevent caving and washing of the banks by the river. It appears from the testimony that the Federal government requires the state to furnish rights of way for the necessary work, and that the Federal Flood Control work and the levee board were co-operating in controlling the flood waters of the Mississippi river. It therefore appears that the property was to be used in connection with the control of the flood waters and the maintenance of the levees erected for that purpose.

We are of the opinion that the two sections of the constitution, construed together, make it apparent that the Mississippi levee board has authority to condemn the property herein sought to be condemned for the purposes shown in the petition and the record before us, and that

there is no error in the court below in so holding and in entertaining the proceedings.

It appears that the chief value of the property involved is the riparian rights of land in the river for procuring sand and gravel, and there was considerable evidence bearing upon the value of the said property, and there was proof of revenue derived from this source by the owner prior to the condemnation proceedings. The court, however, instructed the jury: "The court instructs the jury that in fixing the value of the land and property condemned you must not take into consideration any value of the gravel in the Mississippi river." Mrs. Archer's title to the center or thread of the stream of the Mississippi river had been established by her in a suit for that purpose at a cost of five thousand dollars or more, and her riparian rights extended to the center of the stream. As the petition sought to condemn the riparian rights as well as the land lying outside of the river banks, and as the proof shows that gravel was a valuable part of the property within the river channel, it is clear that the court was in error in so instructing the jury. The plaintiff was not only entitled, under the proceeding, to recover the value of the land outside of the river bed, but was entitled to recover for her riparian rights, which, as stated, included the right to take gravel and sand from the Mississippi river for commercial purposes. The proof shows that this was of considerable value. It is therefore necessary to reverse the judgment of the court below and remand the cause for a new trial.

As the case goes back for trial anew, we deem it unnecessary in this case to pass upon the question raised as to exclusion of evidence, as it will not likely arise on another trial. As above indicated, the judgment of the court below is reversed, and the cause remanded for a new trial.

Reversed and remanded.