BROOM, Justice,
dissenting:
My views do not precisely conform to either those expressed by Cofer, J., in the majority opinion or with those expressed by Robertson, P. J., in his separate dissenting opinion.
*236 Archer v. Board of Mississippi Levee Comrs., 158 Miss. 57, 130 So. 55 (1930) is relied upon in the dissent. I do not believe Archer is authority or precedent under which, in the instant case, the landowner should have been allowed to recover for future speculative profits which might possibly accrue on account of taking gravel from the waters of St. Catherine Creek. St. Catherine Creek waters make only a small stream and any possible future taking of gravel from such a stream is impermis-sively speculative to form the proper basis of recovery for such future profits in this case. My view is that, at the most, the jury in seeking to determine present value under the before and after rule, was correctly allowed to hear the testimony that the landowner had in recent years been taking gravel from the stream and selling it. Accordingly the jury could rightfully consider such evidence but not so as to include in its verdict loss of future speculative profits as happened at trial of this cause.
In the present case without objection from the Commission, the jury was instructed that “if you further believe by preponderance of the creditable [sic] evidence that St. Catherine Gravel Company, Defendant, could mine sand and gravel in the future based on past activity . . . ” (emphasis supplied) the jurors may consider in arriving at damages the value of “said source of gravel” as of the date of the filing of the petition. By the adroit instruction the jurors were allowed to consider any profits that “could” derive from possible future taking of gravel from the stream. This no doubt was calculated to obscure present value (the chief issue) of the property .at the time of the taking. In my opinion such highly speculative damages are not properly allowable, but in the instant case the instruction was given to the jurors without objection from the Commission. No objection having been made to the instruction, I would affirm because the jurors did no more and no less than what the instruction, though faulty and unobjected to, advised them. However, had proper objection been made to the instruction, in my opinion it should not have been given and in such event I would vote differently here. We should not leave any doubt that the instruction referred to is improper, and for failure of Mr. Justice Robertson to so state I dissent separately.
Upon the record as made, I would affirm.
BOWLING, J., joins in this dissent.